1



Charter Communications, Inc.
Legal Department
12405 Powerscourt Dr.
St. Louis, MO 63131
Fax: 314-909-0609

## IMPORTANT LEGAL NOTICE:  PLEASE READ CAREFULLY

April 24, 2015

JUAN REYES-LEIJA
1825 CENTER ST
KALAMAZOO, MI 490481941

### *OBJECTION DEADLINE*

# May 11, 2015 4:00 pm CT

### References Used In This Notice

- Court Case: Manny Film, LLC (the "Plaintiff") v. John Doe, Court Case No. 1:15-cv-00279-RJJ
- Court: United States District Court for the Western District of Michigan
- Copyrighted Work: Manny
- Identifying Information: Accountholder Name, Address(es), Phone Number, IP log
- Charter Case Number:15-F003
- Your ID Number: 1

Dear Sir or Madam:

Charter has received a subpoena from attorneys for the Plaintiff seeking certain information about your Charter internet account ("Account"), including the Identifying Information listed above. The Court has issued an order compelling Charter to disclose this information relating to your Charter Account. Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy on www.charter.com. Because a court order authorizes the Plaintiff to obtain this information, Charter must disclose these records unless you formally oppose disclosure in the Court <u>by the objection deadline stated above</u>. Copies of the court order and subpoena are attached, as well as any other documentation that may have been court-ordered to be provided with this notice.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the given date and time. Below is a copy of the log that associates the IP with your Account in this format: IP Address – Modem MAC – CPE MAC – IP Lease Start Time – IP Lease End Time.
24.247.112.198 c0:14:3d:e0:c0:04 e0:46:9a:4f:38:6a 2014-05-23 05:32:16 2015-01-02 21:51:51

<u>Please note</u>: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. If you intend to oppose the order, you should do so without delay in the court identified in the subpoena and order. <u>AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT. HOWEVER, CHARTER MUST BE NOTIFIED OF AN OBJECTION NO LATER THAN THE OBJECTION DEADLINE GIVEN ABOVE.</u>

If you file an opposition to the order, you or your attorney should provide a copy of the objection you submitted with the Court to Charter (attention "Legal – File-Sharing Team" via facsimile at 314-909-0609) by the objection deadline stated above so that Charter may withhold disclosure of your information. <u>PLEASE CLEARLY INDICATE IN YOUR COPY TO CHARTER (1) THAT YOUR OBJECTION WAS MADE TO THE COURT AND (2) PROVIDE YOUR NAME AND ADDRESS OR A COPY OF THIS LETTER, EVEN IF YOUR OBJECTION TO THE COURT IS ANONYMOUS. WITHOUT THIS INFORMATION CHARTER CANNOT WITHHOLD DISCLOSURE OF YOUR INFORMATION.</u>



# FREQUENTLY ASKED QUESTIONS

**Q: Why did I receive this letter?**
**A:** Charter received a subpoena related to the Court Case described below. As part of the subpoena, the Plaintiff sent Charter a list of IP addresses that allegedly downloaded and/or distributed the Copyrighted Work on a specific date and time. An IP address on that list was associated with your Charter internet account; your corresponding IP address log was stated in the letter you received. Because of this association, Charter is required to disclose your Identifying Information pursuant to the subpoena and court order. The MAC address is a unique number assigned to your modem.

**Q: What is this Court Case about?**
**A:** The Plaintiff has filed a lawsuit alleging that certain persons have infringed their copyrights by downloading and/or distributing the Copyrighted Work and has issued subpoenas to learn the identities of these persons. However, the Plaintiff does not know the actual identities of these persons – it only knows the Internet Protocol address ("IP address") of the internet account associated with the alleged activity. Accordingly, the Plaintiff has filed this lawsuit against anonymous "John Doe" defendants and has issued a subpoena pursuant to a court order to determine the identities of the anonymous Doe defendants. As described above, one of these subpoenas has been sent to Charter as your internet service provider. If the Plaintiff receives your Identifying Information, you will likely be added as a named defendant to the lawsuit.

**Q: Am I being charged with a crime?**
**A:** This notice relates solely to a civil lawsuit, not a criminal investigation.

**Q: Can Charter give me legal advice and/or object to this subpoena on my behalf?**
**A: NO.** This notice does not provide legal advice and Charter cannot advise you on what grounds exist, if any, to object to this subpoena. If you would like legal advice you should consult your own attorney. You can seek legal assistance from several sources, such as private attorneys, community legal aid organizations, bar association referral services, legal clinics at universities, and advocacy groups specializing in making such objections.

**Q: Has Charter disclosed my name and contact information to the Plaintiff yet?**
**A: NO.** Your Identifying Information has not been disclosed yet. However, it will be disclosed unless you object to the subpoena by following the steps outlined below before the objection deadline stated in the letter.

**Q: What must I do if I do not want my Identifying Information disclosed to the Plaintiff?**
**A:** If you do not want your information disclosed, you must object directly to the court identified in the order and subpoena by the objection deadline stated in the letter. You must also notify Charter by sending a copy of this objection to the attention of "Legal – File-Sharing Team" via fax to 314-909-0609. Please clearly indicate in your copy to Charter (1) that your objection was made to the court and (2) provide your name and address or a copy of the letter, even if your objection to the court is anonymous. Without this information Charter cannot withhold disclosure of your information. If you object to the subpoena directly to the court, your Identifying Information will not be disclosed until the court rules on your motion. Please note that an objection made solely to Charter is insufficient; it must be made to the court.

In summary, to prevent the disclosure of your Identifying Information, the following steps must be taken:
1. You must object to the subpoena directly to the court before the objection deadline.
2. You must notify Charter and send a copy of this objection to the court before the objection deadline. This copy should be sent by fax to 314-909-0609 to the attention of "Legal – File-Sharing Team" and must (1) clearly indicate that your objection was made to the court and (2) provide your name and address or a copy of the letter, even if your objection to the court is anonymous.
3. Remember that objections must be made to the court; objections made solely to Charter will not prevent the disclosure of your Identifying Information.

**Q: What if I do nothing?**

*NUMI 119-1*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Western District of Michigan
### Southern Division

| MANNY FILM, LLC | Civil Action No. 1:15-cv-00279-RJJ |
|---|---|
| *Plaintiff* | |
| v. | |
| John Doe subscriber assigned to IP address 24.247.112.198 | |
| *Defendant.* | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Charter Communications, Inc.
12405 Powerscourt Drive
St. Louis, MO 63131

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Doe listed in the below chart:

| IP Address | Date/Time UTC |
|---|---|
| 24.247.112.198 | 12/06/2014 02:24:18 |

| Place: NICOLETTI LAW, PLC 33717 Woodward Avenue, Ste. 433 Birmingham, MI 48009 | Date and Time: May 19, 2015 @ 9:30 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _3/28/15_

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:

Paul Nicoletti, Esq., Esq., Nicoletti Law, LLC, 33717 Woodward Avenue, Ste. 433, Bloomfield Hills, MI 48009 - Telephone: (248) 203-7800 - Email: pauljnicoletti@gmail.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

*IN RE:*

MANNY FILM, LLC,

        Plaintiff,

v.                                                                      Hon. Robert J. Jonker

*Various John Doe subscriber IP*
addresses

**Case Numbers:**
1:15-cv-00275
1:15-cv-00276
1:15-cv-00277
1:15-cv-00278
1:15-cv-00279
1:15-cv-00280
1:15-cv-00281
1:15-cv-00287
1:15-cv-00288
1:15-cv-00289
1:15-cv-00290
1:15-cv-00291
1:15-cv-00292
1:15-cv-00293
1:15-cv-00294
1:15-cv-00296
1:15-cv-00302
1:15-cv-00303
1:15-cv-00305
1:15-cv-00306
1:15-cv-00307
1:15-cv-00308

## ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO SERVE

## THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

Manny Film LLC ("Plaintiff"), filed a complaint in this Court in the above case numbers alleging that an unnamed defendant ("Defendant John Doe") had directly infringed Plaintiff's copyrights. Plaintiff attempted to ascertain Defendant John Doe's identity by using a forensics technician to capture and analyze data from Defendant John Doe's infringing activity on

BitTorrent, a popular online file transfer protocol. Those efforts, however, uncovered only an internet protocol ("IP") address. Plaintiff now seeks leave to initiate limited discovery to identify Defendant John Doe. (Mot. for Leave to Serve Third-Party Subpoena ("Mot."). Specifically, Plaintiff asks the Court's permission to serve a Rule 45 subpoena on the Internet Service Provider ("ISP") to which the IP address associated with Defendant John Doe's infringing activity resolves, and to conduct necessary follow-up discovery.

Federal Rule of Civil Procedure 26(d) generally prohibits a party from seeking discovery from any source before the parties' Rule 26(f) conference. FED. R. CIV. P. 26(d)(1). However, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). In this case, Plaintiff has shown good cause for limited, expedited discovery to uncover Defendant John Doe's true identity. Without that information, the litigation cannot proceed, because Plaintiff would be unable to effect service of process upon Defendant John Doe. Plaintiff has used reasonable efforts to identify Defendant John Doe without early discovery, but has garnered only an IP address, not a personal identity. A third party subpoena to the ISP associated with that IP address to provide Plaintiff with Defendant John Doe's true name, address, alternate email addresses, and telephone number is limited and reasonably calculated to uncover the necessary information without imposing an undue burden on the ISP, and without unfairly prejudicing Defendant John Doe. The Court will not authorize additional discovery at this time. If Plaintiff needs more information before Defendant John Doe is actually joined as a party in his or her true name, Plaintiff will need to file an additional motion.

Accordingly, IT IS ORDERED that:

1. Plaintiff established "good cause" to serve a third-party subpoena on the ISP to which the IP address associated with Defendant John Doe's infringing activity resolves.

2. Plaintiff may serve the ISP for Defendant John Doe with a Rule 45 subpoena

commanding the ISP to provide Plaintiff with the true name, address, alternate email addresses, and telephone number of Defendant John Doe to whom the ISP assigned an IP address. Plaintiff shall attach any such subpoena to a copy of this Order of the Court.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons

(A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such system, or

(B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such cable systems, it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

[a] cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person whom the order is directed.

by sending a copy of this Order to Defendant John Doe.

4. Plaintiff may only use the information disclosed in response to its Rule 45 subpoena for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint against Defendant John Doe.

5. No other discovery is authorized by this Order.

**IT IS SO ORDERED.**

_____/s/Robert J. Jonker_____
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2015

Please note that the objection deadline provided in this letter and the due date on the subpoena may not coincide as Charter may have been granted an extension to fulfill its obligations under this court order.

Questions regarding your legal rights should be directed to the attorney of your choice.  If you or your attorney has questions regarding the subpoena itself, you should contact the requestor directly.  If you have any questions regarding your Account, Charter's policies or this correspondence, you should review the attached FAQs or the named accountholder may call Charter's Security Department directly at **866-228-0195.**  Please have this letter in hand if you call because you will be asked to confirm information contained herein.

Sincerely,

**Charter Communications, Inc.**

Enclosures